IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION FILE |
| v. | ) | |
| | ) | NUMBER 1:12-cr-329-2-TCB |
| PABLO CAMANEY ARZATE, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter is before the Court on Defendant Pablo Camaney Arzate's

objections [111] to Magistrate Judge Walker's Report and Recommendation

(the "R&R") [109], which recommends that Arzate's various motions to

suppress and motion to dismiss the indictment be denied.

A district judge has a duty to conduct a "careful and complete" review

of a magistrate judge's R&R.  *Williams v. Wainwright*, 681 F.2d 732, 732

(11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th

Cir. 1982)).[1]  Where no objection to the R&R is made, it need only be

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit.  *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.

reviewed for clear error.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]  Where objections are made, a district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  The district judge must "give fresh consideration to those issues to which specific objection has been made by a party."  *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990).

"Parties filing objections must specifically identify those findings objected to.  Frivolous, conclusive or general objections need not be considered by the district court."  *Nettles*, 677 F.2d at 410 n.8.  "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act."  *Id.* at 410.

---

1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing continuing validity of *Nettles*).

[2] *Macort* addressed only the standard of review applied to a magistrate judge's factual findings; however, the Supreme Court has held that there is no reason for the district court to apply a different standard of review to a magistrate judge's legal conclusions.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Thus, district courts in this circuit have routinely applied a clear-error standard to both.  *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases).  By contrast, the standard of review on appeal distinguishes between the factual findings and legal conclusions.  *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when magistrate judge's findings of fact are adopted by district court without objection, they are reviewed on appeal under plain-error standard, but questions of law remain subject to de novo review).

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful review of the R&R and Arzate's objections thereto. Having done so, the Court finds that Magistrate Judge Walker's factual and legal conclusions were correct and that Arzate's objections have no merit. In his objections, Arzate contends that he had a reasonable expectation of privacy in the apartment that was searched and thus has standing to challenge the search. However, Arzate still has not shown that he was an occupant with "a significant and current interest in the searched premises," *United States v. Garcia*, 741 F.2d 363, 366 (11th

3

Cir. 1984); thus, he remains "one who is merely present with the consent of the householder" and does not have any privacy expectation. *Minnesota v. Carter*, 525 U.S. 83, 90 (1998); *see also Garcia*, 741 F.2d at 366 (contacts with apartment must be "regular or personal enough to establish an expectation of privacy").

Arzate also argues that he did not voluntarily waive his Miranda rights because he was threatened by agents prior to being read and his agreeing to waive his rights.[3]  However, Arzate's arguments are unpersuasive in light of the R&R's findings that the agents did not make threatening statements to Arzate; there was no evidence that the agents were intimidating, coercive or deceptive during Arzate's interview; and Arzate is not meek and easily coerced.

Arzate's final objection is that the R&R improperly recommends that his motion to dismiss the indictment based on an incorrect identity be denied.  But he merely rehashes what the R&R found unpersuasive, and he has not convinced the Court that R&R's reasoning is incorrect.

---

[3] In his objections, Arzate contends that he did not knowingly, intelligently and voluntarily waive his Miranda rights.  However, his arguments are limited to the involuntary nature of his waiver as a result of the federal agents' threatening him.

Thus, the Court ADOPTS AS ITS ORDER the R&R [109] and DENIES

Arzate's motions to suppress and motion to dismiss the indictment [38, 39,

77, 105].

IT IS SO ORDERED this 26th day of March, 2014.

Timothy C. Batten, Sr.
United States District Judge